CARLIE CHRISTENSEN, Acting United States Attorney (#0633)
RICHARD D. McKELVIE, Assistant United States Attorney (#2205)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682   Fax: (801) 524-4475

_____

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  2:09 CR 243 TS |
| Plaintiff, | |
| vs. | **UNITED STATES' RESPONSE TO DEFENDANTS' REQUEST FOR DISCOVERY** |
| JOSEPH M. SMITH, MEREDITH SMITH, NICHOLAS K. LAWS, TAD KRETH,  BRANDON LAWS, and REECE LAWS, | |
| Defendants. | Hon. Ted Stewart |

_____

Pursuant to Fed. R. Crim. P. 16(a)(1), the United States of America hereby files its responses to the Defendants' Request for Discovery.

1a.  The requested "address book document" is not discoverable because it is not material to preparing the defense in this case and its disclosure would constitute an unwarranted invasion of personal privacy.  The document consists of 390 pages of individual names and e-mail addresses.  The book does not contain any records of sales transactions.  The individuals whose names and e-mail addresses are contained in the book have a substantial interest in the nondisclosure of their identities and any connection they may have to a particular criminal investigation.  If the Defendant contends that

despite this description of the document, he is still entitled to inspect it, the United States will submit the document to the court for an in camera determination as to its materiality and whether disclosure would violate the privacy rights of the individuals whose names and addresses are contained in the book.

    1b.  Evidence and documentation of the previous ownership of the artifacts allegedly transferred by the Defendant as charged in the indictment, including evidence and documentation possessed by the Confidential Source, indicating prior ownership by the Source of the subject artifacts were previously provided to the Defendant.

    1c.  Evidence and documentation possessed by the United States and/or the Confidential Source related to the authenticity and/or legality of the artifacts which were allegedly transferred to the Confidential Source and listed in the indictment were previously provided to the Defendant.

    1d.  Evidence and documentation of the Confidential Source's guarantee of legality and/or authenticity of any artifacts listed in the indictment which were possessed, sold, or otherwise handled by the Source were previously provided to the Defendant.

    1e.  Any/all maps that document known burial sites or artifacts which were shown to law enforcement by the Confidential Source are not discoverable because they are not within the United States' possession, custody or control; and because they are not material to preparing the defense in this case. *See* Fed. R. Crim. 16(a)(1)(E). No maps belonging to the Confidential Source and documenting known burial sites or artifacts were confiscated by law enforcement.

1f.  Records of income and sales of archaeological resources/artifacts kept by the Confidential Source between 2003 and 2009 are not discoverable because they are not within the United States' possession, custody, or control; and because they are not material to preparing the defense in this case.  *See* Fed. R. Crim. 16(a)(1)(E).

2a.  To the extent that any interviews involving Jeanne and/or Jericca Redd contain 404(b) evidence, the United States will provide reasonable notice, in advance of trial, of any such evidence which the United States intends to introduce at trial.  To the extent that the interviews do not contain 404(b) evidence, the interviews are not discoverable because any such interviews are not material to preparing the defense in this case.  *See* Fed. R. Crim. 16(a)(1)(E) and (2).

2b.  Evidence and documentation of co-conspirators whom the government did not indict is not discoverable because it is not material to preparing the defense in this case.  *See* Fed. R. Crim. 16(a)(1)(E).

3a. - 3i.  Contemporaneous with these responses, the United States is providing to the Defendant copies of the Service Agreement which the Confidential Source entered with the FBI, the Hold Harmless Agreement, the NCIC check, and the payment records contained in the Confidential Source's file.  All other discovery responses related to *Giglio v. United States*, 405 U.S. 150 (1972) will be provided to the Defendant sufficiently in advance of trial that the Defendant's counsel will have an adequate opportunity to use the disclosed material to prepare and present the defendant's case.

4a.  Any/all evidence or documentation including meetings or discussions, between law enforcement and the Confidential Source between November 19, 2006 and June 14, 2007 were previously provided to the Defendant.

4b.  With the exception of two recordings, which are being provided contemporaneously with these responses, evidence or documentation of conversations between the Confidential Source and indicted individuals to set up or arrange purchases or sales of artifacts was previously provided to the Defendant.

4c.  Defendant is not entitled to the written policies/procedures of the FBI or other involved agencies which discuss the handling of confidential informants because such procedures are not material to preparing the defense in this case.  *See* Fed. R. Crim. 16(a)(1)(E).

4d.  There were no offers of leniency, written or oral, extended to any witness in this case including, but not limited to, the Confidential Source by any individual representing or acting as an agent of the United States.

4e.  A list of the archaeological experts which the United States has consulted with, hired, or has in anyway been involved with the artifacts cases is being provided contemporaneously with these responses.

4f.  To the extent that the United States has evidence or documentation describing when artifacts were allegedly taken from public lands, such evidence or documentation was previously provided to the Defendant.

      4g.  The United States will provide reasonable notice in advance of trial of any 404(b) evidence, exhibits, and the names and addresses of witnesses which it intends to use at trial.

DATED this 16th day of February, 2010.

                                        CARLIE CHRISTENSEN
                                        Acting United States Attorney

                                        /s/ Carlie Christensen
                                        CARLIE CHRISTENSEN
                                        RICHARD D. MCKELVIE
                                        Assistant United States Attorneys

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I am an employee of the United States and that copies of the United States' Response to Defendants' Request for Discovery were electronically transmitted to all parties named below, this 16th day of February, 2010:

    Jeremy Delicino
    Mccaughey & Metos
    10 West Broadway, #650
    Salt Lake City, Utah   84101

    Todd A. Utzinger
    144 North 100 West
    Bountiful, Utah   84010

    Mark Gregersen
    10 West Broadway, Suite #505
    Salt Lake City, Utah   84101

    Randy S. Ludlow
    185 South State Street, #208
    Salt Lake City, Utah   84111

    Edwin S. Wall
    341 South Main Street, Suite 406
    Salt Lake City, Utah   84111

    /s/Carlie Christensen