CARLIE CHRISTENSEN, Acting United States Attorney (#0633)
RICHARD D. McKELVIE, Assistant United States Attorney (#2205)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682   Fax: (801) 524-4475

_____

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  2:09 CR 243 TS |
| Plaintiff, | |
| vs. | **UNITED STATES' RESPONSE TO DEFENDANT'S AMENDED FORMAL REQUEST FOR DISCOVERY AND *BRADY/GIGLIO* INFORMATION** |
| JOSEPH M. SMITH, MEREDITH SMITH, NICHOLAS K. LAWS, TAD KRETH,  BRANDON LAWS, and REECE LAWS, | |
| | Hon. Ted Stewart |
| Defendants. | |

_____

Pursuant to Fed. R. Crim. P. 16(a)(1), the United States of America hereby files its responses to the Defendants' Amended Request for Discovery and *Brady/Giglio* Information.

1. A complete copy of the Service Agreement entered into between the FBI and the Confidential Source is being provided contemporaneously with these responses.

2. Defendant is not entitled to a complete copy of the Confidential Source's File.  *See* Fed. R. Crim. 16(a)(1) and (2).  Copies of the Service Agreement, Hold Harmless Agreement, NCIC check, and payment records contained in the Confidential Source's file are being provided contemporaneously with these responses.

3. There were no offers of leniency, written or oral, extended to any witness in this case including, but not limited to, the Confidential Source by any individual representing or acting as an agent of the United States.

4. There were no threats of criminal prosecution, written or oral, made to the Confidential Source, prior to, during or after the execution of the Service Agreement by any individual representing or acting as an agent of the United States.

5. The Confidential Source has no felony or misdemeanor convictions.

6. No inducements, benefits, rewards or others forms of consideration of any kind were offered to the Confidential Source beyond those contained in the Service Agreement which is being provided to the Defendant contemporaneously with these responses.

7. A copy of the NCIC printout for the Confidential Source is being provided to the Defendant contemporaneously with these responses.

8. Discovery related to *Giglio v. United States*, 405 U.S. 150 (1972) will be provided to the Defendant sufficiently in advance of trial that Defendant's counsel will have an adequate opportunity to use the disclosed material to prepare and present the defendant's case.

9. See response to request number 8.

10a. -10h. Defendant is not entitled to the policies, guidelines, regulations, and/or rules employed by an agent of the United States that relates to the management or supervision of a confidential source or informant because such procedures are not material to preparing the defense in this case. *See* Fed. R. Crim. 16(a)(1)(E).

11. The requested "address book document" is not discoverable because it is not material to preparing the defense in this case and its disclosure would constitute an unwarranted invasion

of personal privacy. The document consists of 390 pages of individual names and e-mail addresses. The book does not contain any records of sales transactions. The individuals whose names and e-mail addresses are contained in the book have a substantial interest in the nondisclosure of their identities and any connection they may have to a particular criminal investigation. If the Defendant contends that despite this description of the document, he is still entitled to inspect it, the United States will submit the document to the court for an in camera determination as to its materiality and whether disclosure would violate the privacy rights of the individuals whose names and addresses are contained in the book.

12. In those circumstances where the Confidential Source purchased/traded artifacts from or with a target of the investigation *during* the operation and where the Source had previously owned or possessed the artifact purchased, to the extent there exists documentation concerning the identity of the purchases/traded artifacts, any provenance documents, and receipts or sales slips, such documentation was previously provided to the Defendant. In those circumstances where the Confidential Source purchased/traded artifacts from or with a target of the investigation *prior* to the operation and where the Source had previously owned or possessed the artifact purchased, to the extent there exists documentation concerning the identity of the artifact, any provenance documents, and receipts or sales slips, such documentation is being provided to the Defendant contemporaneously with these responses.

13. The Defendant is not entitled to all reports, notes, or documentation that relates to any interaction between the United States and the Confidential Source prior to the execution of the service agreement. *See* Fed. R. Crim. 16(a)(1) and (2). All discoverable material that relates to such interaction was previously provided to the Defendant.

14. A copy of the complete list of exhibits which the United States intends to introduce will be provided to Defendant's counsel within a reasonable time prior to trial.

DATED this 16th day of February, 2010.

                                          CARLIE CHRISTENSEN
                                        Acting United States Attorney


                                        /s/ Carlie Christensen
                                        CARLIE CHRISTENSEN
                                        RICHARD D. MCKELVIE
                                        Assistant United States Attorneys

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that I am an employee of the United States and that copies of the United States' Response to Defendants' Amended Request for Discovery and *Brady/Giglio* Information were electronically transmitted to all parties named below, this 16th day of February, 2010:

      Jeremy Delicino
      Mccaughey & Metos
      10 West Broadway, #650
      Salt Lake City, Utah   84101

      Todd A. Utzinger
      144 North 100 West
      Bountiful, Utah   84010

      Mark Gregersen
      10 West Broadway, Suite #505
      Salt Lake City, Utah   84101

      Randy S. Ludlow
      185 South State Street, #208
      Salt Lake City, Utah   84111

      Edwin S. Wall
      341 South Main Street, Suite 406
      Salt Lake City, Utah   84111

      /s/Carlie Christensen